UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY GREENLEE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23CV788-PPS/JEM |
| UNIT TEAM MANAGER, | |
| Defendant. | |

OPINION AND ORDER

Timothy Greenlee, a prisoner without a lawyer, is proceeding in this case against Unit Team Manager Shaun Dwyer "for money damages for failing to protect him from other inmates in violation of the Eighth Amendment[.]" ECF 12 at 8.[1] Specifically, Greenlee alleges in his complaint that he requested protection from Unit Team Manager Dwyer in March 2023 because he was received threats from gang members but was denied. *Id.* at 2. On January 29, 2024, Unit Team Manager Dwyer filed a motion for summary judgment, arguing Greenlee did not exhaust his administrative remedies before filing this lawsuit. ECF 32. With the motion, Mr. Dwyer provided Greenlee the notice required by N.D. Ind. L.R. 56-1(f). ECF 36. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

---

[1] Greenlee was previously proceeding against other defendants, but voluntarily moved to dismiss these defendants in January 2024.

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but Greenlee has not responded. Therefore I will now rule on Dwyer's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v.*

*McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Unit Team Manager Dwyer provides an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF") and Greenlee's grievance records, which show the following facts.[2] During all relevant times, an Offender Grievance Process was in place at MCF. ECF 32-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 32-4 at 3. If an inmate submits a grievance which is rejected by the grievance office, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender." ECF 32-4 at 10.

Greenlee submitted three potentially relevant grievances, each of which was rejected by the grievance office. First, on June 18, 2023, Greenlee submitted a grievance complaining he'd been labeled as a snitch by other inmates and requesting he be transferred to a new prison facility. ECF 32-1 at 6; ECF 32-6 at 19. The grievance office

---

[2] Because Greenlee has not responded to Unit Team Manager Dwyer's summary judgment motion, I accept the Grievance Specialist's attestations and the contents of Greenlee's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

rejected this grievance because it improperly requested a transfer to a new prison facility. *Id.*; ECF 32-6 at 18; *see* ECF 32-4 at 4 (listing "facility transfers" as a matter inappropriate to the grievance process). The "Return of Grievance" form instructed Greenlee he needed to revise and resubmit the grievance within five business days, but he did not do so. ECF 32-1 at 6; ECF 32-6 at 18. Second, on July 6, 2023, Greenlee submitted a grievance alleging he experienced "numerous incidents of maltreatment" from inmates and correctional officers and his requests for protection had been denied. ECF 32-1 at 6; ECF 32-6 at 10-13. The grievance office rejected this grievance because it complained of multiple issues and informed Greenlee he needed to submit each grievable issue on a separate form. ECF 32-1 at 6; ECF 32-6 at 9; ECF 32-4 at 9 (each grievance must "relate to only one event or issue"). Greenlee did not revise and resubmit this grievance as instructed. ECF 32-1 at 6. Third, on July 6, 2023, Greenlee submitted a grievance complaining he was denied protection and listing an incident date of June 6, 2023. ECF 32-1 at 6; ECF 32-6 at 16. The grievance office rejected this grievance as untimely because it was submitted more than ten business days after the listed incident date. *Id.*; ECF 32-6 at 15; ECF 32-1 at 9 (each grievance must be submitted "no later than ten (10) business days from the date of the incident giving rise to the complaint"). Greenlee did not revise and resubmit this grievance as instructed. ECF 32-1 at 6.

      Here, the undisputed evidence shows Greenlee did not exhaust any relevant grievance before filing this lawsuit. Specifically, it is undisputed Greenlee submitted three potentially relevant grievances, but each grievance was properly rejected by the

4

grievance office and Greenlee did not revise and resubmit the grievances as instructed. Specifically, Greenlee should have revised his first grievance to omit his request for a facility transfer, revised his second grievance to complain of only one issue, and revised his third grievance to list a timely incident date. The undisputed facts show the grievance office had a valid basis for rejecting each grievance, and Greenlee provides no explanation for why he didn't revise the grievances to remedy their deficiencies. Therefore, Unit Team Manager Dwyer has met his burden to show Greenlee did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is thus warranted in favor of Unit Team Manager Dwyer.

ACCORDINGLY, the court:

(1) GRANTS Unit Team Manager Dwyer's summary judgment motion (ECF 32);

(2) DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(2) DIRECTS the clerk to enter judgment in favor of Unit Team Manager Dwyer and against Timothy Greenlee and to close this case.

SO ORDERED on April 19, 2024.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT